[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
We overrule the appellant's sole assignment of error, because the appellant cannot be said to have been denied due process by the juvenile court's entry of its February 1998 order permanently committing the appellant to the Department of Youth Services based upon his December 1996 delinquency adjudication. See In re Gault (1967), 387 U.S. 1, 31, 87 S.Ct. 1428, 1445, fn. 48 (in which the Court, in recognition of the "unique" problems posed by the pre- and post-adjudication treatment of juveniles, declined to extend procedural due process protections beyond the adjudicatory stage). We, therefore, affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., GORMAN and SHANNON, JJ.
RAYMOND E. SHANNON, retired, from the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on February 23, 2000
per order of the Court _______________________________.
 ______________________________________________ Presiding Judge